## DOE *v.* SMITH

No. A–954.   Decided June 15, 1988

JUSTICE STEVENS, Circuit Justice.

Applicant has filed an application with me as Circuit Justice to enter an order enjoining Jane Smith from obtaining an abortion of their unborn child.   For the reasons hereinafter stated, the application is denied.

Applicant initiated proceedings seeking this relief from the Elkhart, Indiana, Superior Court on May 31, 1988.   After granting a temporary restraining order without notice, the Superior Court held an evidentiary hearing, made detailed findings of fact, conclusions of law, and filed a written opinion.   The findings recite, in part:

> "5) That the unrebutted testimony from both the parties is that the Plaintiff is the natural father of the unborn child of the mother.
>
> "6) That the Plaintiff and the Defendant have never been married and do not contemplate marriage.

"7) That the child was conceived in April of 1988 during a liaison between the mother and the father, which commenced in February or March and terminated shortly after conception.

"8) That at the time conception occurred, the father was separated from his wife of six months, and upon leaving the Defendant he became reunited with his first wife.

"9) That the father has two children, one his biological issue, with his first wife.

. . . . .

"12) That the father has been sporadically employed at low-paying jobs for the last eighteen months.

"13) That the mother has testified she is physically, emotionally and economically unwilling to bear the child.

"14) That the parties mutually agree that there is no foreseeable possibility of their reuniting in any way."

In his opinion, the trial judge stated, in part:

"While the Court has carefully weighed the testimony, it is apparent that although the Plaintiff has expressed a legitimate and apparently sincere interest in the unborn fetus, his interest would not be sufficient to outweigh the Constitutionally protected right of the Defendant to abort her child. It would appear from the *Danforth* decision that in order to require the mother to carry a child to term against her wishes, the father must demonstrate clear and compelling reasons justifying such actions. In this case, the father has failed to do so. Reviewing the undisputed facts presented in this Cause, the Court is unable to find that the interests of the Plaintiff outweigh the interest of the Defendant. It is significant that, among other facts, the evidence discloses the parties are not married, that there is no suggestion they will ever reunite, that the Plaintiff is able to father other children and, in fact, has other children, and that the Plaintiff has showed substantial instability in his marital and roman-

tic life.    Based upon the Plaintiff's romantic patterns over the last eight months, it would be impossible for the Court to predict the stability of his family unit at the time of birth.

"In summary, even if the *Danforth* decision permits the Court to balance the interest of the father of the unborn child against those of the mother, in this particular case the balancing would be in the mother's favor."

On June 14, 1988, the Indiana Supreme Court accepted transfer of the case, based on its emergency nature, but denied a petition for a stay.    In doing so it relied on "the presumption of the validity accorded all trial court judgments," this Court's decision in *Planned Parenthood of Central Missouri* v. *Danforth,* 428 U. S. 52, 67–72 (1976), and its conclusion that there was not a sufficient likelihood that John Doe would prevail on the merits of his appeal to justify a stay.

In addition to the reasons set forth by the trial court and the Indiana Supreme Court, I would add that I have serious doubts concerning the availability of a federal remedy for this claim in view of the fact that Jane Smith's decision to obtain an abortion can be carried out without any action on the part of the State of Indiana or any other state governmental subdivision.    Applicant does not argue that he has an absolute right to veto Jane Smith's decision, but rather contends that the respective interests of the parties should be balanced by a neutral tribunal before her decision is implemented.    Since such balancing has already been done by the trial court, since the Indiana Supreme Court has indicated that there is a presumption of correctness to the decision of the trial court in a matter of this kind, and since there is some danger that a delay in implementing Jane Smith's decision may increase the risk of physical or emotional harm to Smith, applicant's claim provides a particularly weak basis for invoking the extraordinary judicial relief that is sought.    Indeed, I have substantial

doubt whether there has yet been a final decision by the highest court of the State of Indiana that would provide a basis for appellate jurisdiction in this Court.