WICKER, Judge.
Lisa Ann Hoffmann Clement, the plaintiff mother in a suit to establish paternity and support, appeals as inadequate the support award rendered against the defendant father, Joseph Anthony Lucia, III. We set aside and render.
Lisa Hoffmann and Joey Lucia were high school sweethearts in 1983 and 1984. Miss Hoffmann gave birth to Brittany Nicole on December 20, 1984. Miss Hoffmann married in April of 1988 and is now Mrs. Clement. At the time of trial, Mr. Lucia was completing his studies at Tulane University, was working part time, and was a member of the Marine Corps Reserve.
Mrs. Clement sued Mr. Lucia to establish paternity and support on January 20, 1987. Brittany’s expenses, and up to a point Mrs. Clement’s expenses, have been met by Mrs. Clement’s father, grandparents, or the welfare department. Mrs. Clement testified that she waited to file suit until Mr. Lucia was out of high school. She claimed that he promised to put his name on Brittany’s birth certificate when he reached age eighteen but had never done so.
The judge ruled that Mrs. Clement had proved her case with regard to paternity, and this part of his judgment has not been appealed. In fixing support, the judge ruled,
This Court must be concerned with the future needs of the minor child and does not concern itself with the future of either party.
The Natural Moter [sic] of the child is married and therefore the Court must assume here [sic] future is secure.
The Defendant is a full time student at Tulane University and a cadet in the Air Force R.O.T.C. with income for the next *171 two years at less then [sic] $225.00 @ month.
The Court’s main concern is the minor child, thus,
IT IS ORDERED: That each attorney for the parties submit to the Court a plan of Life Insurance where the Defendant will be responsible for 75% of the cost and the Defendant [sic] 25% of the cost so as to assure the minor child the sum of $50,000.00 in the event of her Father’s death before she reaches the age of 12.... (our emphasis)
We believe the judge was clearly wrong in his conclusions regarding Mr. Lucia’s income and exceeded all permissible discretion in fashioning his decree. Mr. Lucia has known about Brittany since September of 1984 and has not contributed at all to the child’s living. Brittany is entitled to support from both her parents and should not have to wait for something as uncertain and unlikely as Mr. Lucia’s death at a young age to get it.
We are enjoined not to reverse a judge’s support order unless he has abused his discretion. Hogan v. Hogan, 549 So.2d 267 (La.1989). In this case we find such abuse of discretion and, consequently, “assess the evidence anew from the record and render a judgment_” Hogan, supra at 271.
Fathers and mothers owe alimony to their illegitimate children, when they are in need; ...
But in order that they máy have a right to sue for this alimony they must:
1. ... have been declared to be their children by a judgment duly pronounced, in cases in which they may be admitted to prove their paternal or maternal descent;
2. ... prove in a satisfactory manner that they stand absolutely in need of such alimony for their support.
La.C.C. arts. 240 and 242. These articles outlining the rights of illegitimates to parental support differ somewhat from other articles dealing with legitimate children.
Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.
Alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it.
La.C.C. arts. 227 and 231.
We note that courts have used the same standards for both legitimate and illegitimate children in matters pertaining to their custody. Deville v. LaGrange, 388 So.2d 696 (La.1980); Walker v. Washington, 540 So.2d 1002 (La.App. 2d Cir.1989). We see no reason to use a different standard when the matter in question is their support. This is consistent with the trend to erase the distinction between legitimate and illegitimate children where their rights are concerned. See Weber v. Aetna Cas. & Sur. Co., 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972) (worker’s compensation recovery); Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968) (wrongful death damages); Succ’n of Bartie, 472 So.2d 578 (La.1985) (succession rights).
Mrs. Clement filed her suit prior to the adoption of the child support guidelines in La.R.S. 9:315 et seq., which took effect October 1, 1989. We are not therefore required to use these guidelines. Absent the guidelines, Louisiana courts have applied the standard set out in La.C.C. art. 231, determining in each case the needs of the child and the ability of the parent to pay. Toups v. Toups, 573 So.2d 1164 (La.App. 5th Cir.1991).
Mr. Lucia’s monthly gross income at the time of trial was $1,071.00, as his uncontroverted sworn affidavit shows. His major expense seems to be his car, accounting for $535.00 of his monthly expenses. His other living expenses are modest. He lists debts for school and his car. Mrs. Clement’s husband is the only wage earner in her present family. Her uncon-troverted sworn affidavit shows his monthly gross to be $1,892.00. We will attribute half, or $946.00, to her. Brittany’s listed expenses are $598.00 per month, part of which is private school tuition.
We believe the evidence supports an award of $200.00 per month in child sup *172 port. Mr. Lucia points out in brief that his financial picture has improved since his graduation from Tulane. Thus, Mrs. Clement may bring a rule to increase child support at a later date.
La.R.S. 9:399 provides that child support rendered in connection with a suit to establish paternity should be retroactive to the date of filing unless the judge finds good cause not to do so. Mrs. Clement urges us to make the support award retroactive to the filing date of January 20, 1987, arguing that the delays between filing and rendition of the judgment were attributable to Mr. Lucia’s delays. However, we find that Mrs. Clement’s attorney also contributed to the delays. We also note that Mr. Lucia’s annual income in 1987 was about $1,000.00 and in 1988 about' $839.00. We believe that there is good cause to make the support judgment retroactive only to the date of rendition of the paternity judgment, or April 15, 1991.
We set aside the judgment of the trial court and render judgment in favor of Lisa Ann Hoffman Clement and against Joseph Anthony Lucia, III, in the amount of $200.00 per month for the support of the minor child, Brittany Nicole Hoffmann, said support to be retroactive to April 15, 1991. Mr. Lucia must pay the costs of this appeal.
SET ASIDE AND RENDERED.