678 So.2d 42 (1996)
Tammie McKENZIE
v.
Andrew THOMAS.
No. 95 CA 2226.
Court of Appeal of Louisiana, First Circuit.
June 28, 1996.
Writs Denied October 25, 1996.
*44 Dawn N. Guillot, Baton Rouge, for Plaintiff/Appellee, Tammie McKenzie.
William D. Grimley, Baton Rouge, for Defendant/Appellant, Andrew Thomas.
Before LeBLANC, FOIL and FOGG, JJ.
LeBLANC, Judge.
Andrew Thomas, defendant, appeals from a trial court judgment in favor of Tammie McKenzie, plaintiff, establishing his paternity and support obligation and awarding attorney's fees. For the following reasons, we affirm.

FACTS
A petition to establish paternity was filed by Tammie McKenzie on June 22, 1992. In her petition, Ms. McKenzie alleged she and Mr. Thomas engaged in sexual relations in June of 1991. As a result, Ms. McKenzie conceived and gave birth to Dillon Mitchell McKenzie on April 7, 1992. Mr. Thomas answered, admitting a sexual encounter, but denying paternity.
In an amending and supplemental answer and reconventional demand, Mr. Thomas asserted La.C.C. arts. 240 and 242 and La.R.S. 9:399 are unconstitutional, violating the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. Thereafter, defendant filed a motion for summary judgment, seeking to have these laws declared unconstitutional. After a hearing, defendant's motion for summary judgment was denied. Supervisory writs were denied by this court, McKenzie v. Thomas, 94-0292 (La.App. 1st Cir. 5/6/94), and not considered by the Louisiana Supreme Court, McKenzie v. Thomas, 94-2184 (La. 11/11/94), 644 So.2d 384.
A trial on the merits was held on January 23 and March 29, 1995, and the matter was taken under advisement. Subsequently, a judgment was rendered and signed declaring Mr. Thomas to be the natural father of Dillon Mitchell McKenzie, awarding child support of $344.00 per month, retroactive to July 1, 1992, awarding child care of $144.00 per month, retroactive to January 1, 1995, ordering Mr. Thomas to pay a portion of Dillon's health care costs, casting Mr. Thomas for all costs, and awarding Ms. McKenzie $2,500.00 in attorney's fees. Mr. Thomas appeals and urges four assignments of error:
1. the trial court erred in failing to declare La.C.C. art. 240 and La.R.S. 9:399 unconstitutional;
2. the trial court erred in finding Ms. McKenzie had carried her burden of proof in establishing paternity;
3. the trial court erred in admitting into evidence the results of the blood testing; and,
4. the trial court erred in making the award of support retroactive and in making an award for child care.

*45 ADMISSIBILITY OF BLOOD TEST RESULTS
In his third assignment of error, Mr. Thomas asserts the trial court erred in admitting the results of blood tests. In his brief, defendant argues the court did not appoint or set the qualifications of the expert, and the chain of custody was deficient.
At the time the petition in the instant case was filed, La.R.S. 9:397.3 provided, in pertinent part:
A. A written report of the results of the initial testing, certified by a sworn affidavit by the expert who supervised the tests, shall be filed in the suit record. A notice that the report has been filed shall be mailed by certified mail to all parties by the clerk of court or shall be served in accordance with Code of Civil Procedure Article 1314. A party may challenge the testing procedure within thirty days of the date of receipt or service of the notice.
B. (2)(a) ... If there is no timely challenge to the testing procedure or if the court finds there has been no procedural error in the testing procedure, the certified report shall be admitted in evidence at trial as prima facie proof of its contents, provided that the party against whom the report is sought to be used may summon and examine those making the original of the report as witnesses under cross-examination.
The party against whom the report is sought to be admitted may summon and examine those performing the blood tests. The statute grants him access to the report to determine whom to subpoena or depose. State in Interest of Triche v. Stewart, 570 So.2d 182, 184 (La.App. 5th Cir.1990). The record indicates Mr. Thomas notified Ms. McKenzie of his intent to object to the testing procedure, and during the trial, entered his objection. He listed the basis for his objection, both at trial and in brief to this court. However, in support of his challenge to the testing procedure, Mr. Thomas does not offer or include any testimony or evidence, nor did he proffer any.
In reaching a decision on alleged procedural errors, this court must consider whether the particular ruling complained of was erroneous and whether the error prejudiced the defendant's cause, for unless it does, reversal is not warranted. La.C.E. art. 103; Brumfield v. Guilmino, 93-0366, p. 12 (La.App. 1st Cir. 3/11/94), 633 So.2d 903, 911, writ denied, 94-0806 (La. 5/6/94), 637 So.2d 1056.
The tests results at issue contain a certification by the philebotomist who drew and packaged the blood samples and the witness who observed the withdrawal of blood. The results also contain the certification by the individual who received the blood samples for GenTest Laboratories, Inc., the laboratory which conducted the testing. In addition, the tests results include an affidavit by the GenTest laboratory director, Sudhir K. Sinha, certifying the samples were under his care, custody and control, that the testing was in accordance with medically accepted procedures, that the results are correct as reported, and that the documentation of the chain of custody was made at or near the time of the chain of custody, in the course of regular business activities. The test results report is also certified as reviewed by Anne H. Montgomery, Molecular Biologist.
We find the defendant has failed to present to this Court how an alleged error, if any, had any substantial bearing or effect on the outcome of the case. The tests results were certified by affidavit by the laboratory director and we find that an error, if any, by the trial court, had no substantial effect on the outcome of the case. This assignment of error lacks merit.

BURDEN OF PROOF
In his second assignment of error, Mr. Thomas asserts the trial court erred in finding that plaintiff had carried her burden of proof in establishing paternity.
La.C.C. art. 209 A provides that a child who is not entitled to legitimate filiation must prove filiation to an alleged living parent by a preponderance of the evidence. Proof by a preponderance of the evidence means that taking the evidence as a whole, such proof shows that the fact or cause sought to be proved is more probable than *46 not. State v. Guichard, 94-1795, p. 12, (La. App. 1st Cir. 5/5/95), 655 So.2d 1371, 1379, writ denied, 95-1405 (La. 9/15/95), 660 So.2d 454. Although alone insufficient to prove paternity, scientific testing provides persuasive and objective evidence that can help establish paternity by a preponderance of the evidence. Proof of paternity is a factual question, and a trial court's determination of the issue should not be disturbed absent manifest error. Guichard, 94-1795, p. 12, 655 So.2d at 1379-80.
Testimony by Ms. McKenzie reveals she and Mr. Thomas had a sexual encounter during the evening of July 13, 1991 and the following morning. Although her petition asserts the encounter occurred in June, 1991, during direct and cross-examination, Ms. McKenzie corrected the date of the encounter. Ms. McKenzie testified she believes Mr. Thomas to be the father of Dillon. Mr. Thomas also testified, admitting to a sexual encounter with Ms. McKenzie; however, Mr. Thomas testified the encounter took place on June 13-14, not July 13-14. The test results indicate Mr. Thomas is not excluded as the biological father of Dillon. Mr. Thomas' probability of paternity is 99.98 per cent, when compared to an untested, random person of the Caucasian population, and the combined paternity index is 4030.0.
We have thoroughly reviewed the entire record, and conclude that the trial court did not manifestly err in finding that Ms. McKenzie proved paternity by a preponderance of the evidence. This assignment lacks merit.

SUPPORT AND CHILD CARE AWARD
In his fourth assignment of error, Mr. Thomas argues the trial court erred in making the support award retroactive and in making an award for child care.
La.R.S. 9:310[1] provided, in pertinent part:
A. An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
* * * * * *
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.
The burden is on the obligor parent to show good cause for not making the award retroactive. Holdsworth v. Holdsworth, 621 So.2d 71, 77 (La.App. 2nd Cir.1993); Broussard v. Broussard, 532 So.2d 281, 283 (La. App. 3rd Cir.1988).
The trial court ordered the support payment retroactive to July 1, 1992. Ms. McKenzie's petition was filed June 22, 1992. Mr. Thomas argues the constitutional issues presented in this matter necessitated delays; therefore, the award should not be retroactive. We do not agree. We find no abuse of discretion in the trial court's determination that the support award be retroactive, as we find no good cause existed for not making the support award retroactive. Any delay in the determination of the merits of the instant case was a result of Mr. Thomas' pursuit of a novel argument for the extension of existing law. Although the argument may be properly raised, we do not find it good cause for not making the award retroactive. Cf. Lloyd v. Lloyd, 94-0421, p. 6 (La.App. 1st Cir. 12/22/94), 649 So.2d 32, 36 (numerous continuances by both parties); Holdsworth v. Holdsworth, 621 So.2d at 77-78 (unemployment of obligor); Hoffmann v. Lucia, 604 So.2d 169, 172 (La.App. 5th Cir.1992) (numerous delays attributable to both parties).
Mr. Thomas also argues the trial court erred in including an award for child care. La.R.S. 9:315.3 provides, "Net child care costs shall be added to the basic child support obligation." "Net child care costs" are defined in La.R.S. 9:315(7) as "the reasonable costs of child care incurred by a party due to employment or job search, minus the value of the federal income tax credit for child care." The determination of the amount of child support to be awarded is within the sound discretion of the trial court and will not be disturbed absent manifest error. Williams v. Williams, 527 So.2d *47 1068, 1069 (La.App. 1st Cir.), writ denied, 532 So.2d 153 (1988).
In the instant case, the trial court awarded $144.00 in monthly child care costs, representing Mr. Thomas' share of the costs. Testimony at trial indicated Ms. McKenzie was employed and incurred approximately $200.00 per month in child care costs, depending on her work schedule. Upon review of the evidence, we find no manifest error in the child care award. This assignment lacks merit.

CONSTITUTIONALITY OF LA.C.C. ART. 240 AND LA.R.S. 9:399
In this assignment of error, Mr. Thomas asserts La.C.C. art. 240 and La.R.S. 9:399 are unconstitutional, in violation of the due process and equal protection guarantees of the Fourteenth Amendment to the United States Constitution. He asserts the "fundamental question in this case is whether a man shares with a woman the constitutional right to decline parenthood after a child is conceived" and argues "since a woman enjoys a post conception opportunity to avoid the responsibilities of parenthood, so should a man."
La.C.C. art. 240 provides, in pertinent part:
Fathers and mothers owe alimony to their illegitimate children, when they are in need ...
La.R.S. 9:399 provides:
A judgment for child support rendered against a defendant who has acknowledged paternity after a paternity suit has been filed or has been adjudged in a suit to establish paternity to be the parent of the child for whom support is ordered shall be effective from the date on which the paternity suit was filed. In the event the court finds good cause for not making the award retroactive to the date of the filing of the paternity suit, the court may make the award retroactive to a date subsequent to the filing of the paternity suit, but in no event shall the award be fixed later than the date of the rendition of the paternity judgment. Any support of any kind provided by the judgment debtor from the date the petition for support is filed to the date the support order is issued, to or on behalf of the person for whom support is ordered, may be credited to the judgment debtor against the amount of the judgment.
La.C.C. art. 240 clearly establishes the obligation of support to an illegitimate child by both his father and his mother. La.R.S. 9:399 provides that child support may be demanded after paternity has been acknowledged or adjudicated and is retroactive to the filing of a paternity suit, unless good cause is found for a later effective date. There is no distinct or different treatment of mothers and fathers under these laws. The support obligation of the mother and the father is identical. These laws do not deny Mr. Thomas equal protection.
In addition, Mr. Thomas is not denied due process. The law provides him with adequate notice and an opportunity to be heard. Moreover, the mother, or the State if suit is brought by Support Enforcement Services, bears the burden of proof.
Although Mr. Thomas attempts to rely on a woman's right to privacy as recognized in Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), we are not persuaded. The specific right to privacy recognized in Roe v. Wade is limited to a woman's decision whether or not to terminate her pregnancy, inasmuch as it is the woman who physically bears the child. As has been clearly announced in later decisions by the Supreme Court, the father or spouse does not possess the authority to prevent or require the mother to terminate her pregnancy. See Planned Parenthood v. Casey, 505 U.S. 833, 112 S.Ct. 2791, 2826-29, 120 L.Ed.2d 674 (1992); Doe v. Smith, 486 U.S. 1308, 1309-10, 108 S.Ct. 2136, 2137, 100 L.Ed.2d 909 (1988); Planned Parenthood of Cent. Mo. v. Danforth, 428 U.S. 52, 69-71, 96 S.Ct. 2831, 2841-42, 49 L.Ed.2d 788 (1976). Moreover, it is not a comparable right of privacy which Mr. Thomas seeks, rather it is the release of his financial obligation which he desires. There is no privacy dispute at issue in the instant case. What Mr. Thomas is contesting is his obligation to financially support his child, an obligation recognized by *48 the laws of this State. This assignment lacks merit.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed to Mr. Thomas.
AFFIRMED.
NOTES
[1] La.R.S. 9:310 was amended by Acts 1993, No. 261, effective January 1, 1994. The retroactive award of child support is now governed by La. R.S. 9:315.21.