771 So.2d 225 (2000)
Judith Ann Jackson CORY, Plaintiff-Appellee,
v.
James Andrew CORY, Defendant-Appellant.
No. 34,053-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2000.
A. Richard Snell, Counsel for Appellant.
James L. Fortson, Jr., Shreveport, Counsel for Appellee.
Before CARAWAY, PEATROSS and KOSTELKA, JJ.
*226 KOSTELKA, J.
Following a trial on the merits, the trial court entered judgment ordering James Andrew Cory ("James") to pay his ex-wife, Judith Ann Jackson Cory ("Judith"), child support retroactive to January 1, 1996. Finding no error in the ruling below, we affirm.

Facts and Procedural History
On February 1, 1995, Judith filed for divorce, custody of their two minor children, and child support. The matter was set for hearing on February 28, 1995, and James was ordered to produce certain documentation regarding his income.
Because of the extensive arguments at the February 28th hearing regarding James's income from his business, Cory Electric, Inc., the court continued the issues of child support and alimony and entered an interim order which ordered James to pay Judith $472 per month until the matter could be completed, reserving the right to the trial court to make any future award of child support or alimony pendente lite retroactive to the original date of judicial demand (the "Interim Order"). It was also ordered that James would provide Judith's attorney with all bank statements for the period of January 1, 1994 through December 31, 1994 on the community business, Cory Electric, Inc.
The issue of child support was not heard until October 19, 1999, over four and one-half years after the original hearing in February 1995. Prior to the hearing, James filed an exception and/or affirmative defense of estoppel or laches (the "exception"), in which he argued generally the impropriety of any award of retroactive child support to Judith. On the first day of trial, the trial court heard evidence on the issue of child support and then the matter was continued to October 25th, at which time the hearing was concluded and the trial court rendered judgment.[1] In the trial court's written judgment, James was ordered to pay child support retroactive to January 1996. Specifically, the trial court ordered that he was to pay child support retroactively to Judith as follows:
[T]he sum of $712.64 for each month of the year 1996 thereby creating an arrearage of $2,887.32 for 1996, the sum of $841.67 for each month of the year 1997 thereby creating an arrearage of $4,435.68 for the year 1997, the sum of $841.67 for each of the months of January through May of 1998 thereby creating an arrearage of $1,848.20 for January through May of 1998, the sum of [$]465.67 for each of the months of June through December of 1998 thereby creating an overpayment of $76.32 for June through December of 1998, and the sum of $480.81 per month beginning January 1, 1999 until further order of the court creating an arrearage through the month of October of 1999 of $18.78....
This appeal by James ensued.

Discussion
In James's first assignment of error, he argues that the trial court erred in overruling his exception, in which James stated that Judith's request for retroactive application of child support be dismissed pursuant to the legal theory of laches and equitable estoppel, justice, and fair play.[2] As reflected in the final judgment rendered *227 by the trial court, after consideration of the evidence presented on the merits, the trial court awarded retroactive child support to Judith, in effect serving to deny James's exception, although not specifically addressing it.[3]
Except for good cause shown, a judgment awarding, modifying, or revoking an interim child support allowance shall be retroactive to the date of judicial demand. (Emphasis added); La. R.S. 9:315.21; Welborne v. Welborne, 29,479 (La.App.2d Cir.05/07/97), 694 So.2d 578, writ denied, 97-1800 (La.10/13/97), 703 So.2d 621 and, writ denied, 97-1850 (La.10/13/97), 703 So.2d 623. The burden of showing good cause is not on the claimant spouse to demonstrate such good cause, but rather the burden is on the defendant in rule to show good cause for not making the award retroactive to the date of judicial demand. Id. at 584. The trial court is vested with much discretion in fixing support, and its reasonable determinations will not be disturbed unless there is a clear abuse of discretion. Havener v. Havener, 29,785 (La.App.2d Cir.08/20/97), 700 So.2d 533; Gould v. Gould, 28,996 (La.App.2d Cir.01/24/97), 687 So.2d 685.
In the instant case, James's exception contained two reasons he argued were sufficient good cause against an award of retroactive child support to Judith. First, he maintained that the delay in modifying the Interim Order award was unreasonable and such delay was attributable to Judith. Second, he argued that he relied on the order as evidenced by his compliance therewith and based on that reliance he had budgeted his finances accordingly. He further argued such reliance was justified because the parties had appeared in the trial court on different occasions regarding other issues related to the divorce and no mention was ever made regarding a child support modification. The trial court rejected these arguments and awarded Judith child support retroactively to January 1, 1996. We conclude that the trial court's ruling was not manifestly erroneous.
James's exception proposed that the delay in the trial court's hearing of Judith's request for retroactive child support served as good cause for the denial of such an award. He maintains that the delays in considering the issue were solely attributable to Judith; however, Judith has likewise maintained that the delays were caused by James in his refusal to cooperate in supplying income information which would have finalized the issue. Whereas delay by a support obligee may be considered good cause for denying the statutorily mandated retroactive child support, the burden rests on James, the support obligor, to prove good cause and show that Judith was solely responsible for the procedural delay in bringing the issue before the trial court for consideration. The record reflects that the trial court considered the argument put forth by James regarding the delay and noted that there had been constant activity on the issue of modification of child support since early 1997. Although the minutes of the trial court which were made part of the record on appeal do reflect the activity of this litigation at the trial level, we cannot determine with certainty who or what contributed to the delays. Obviously, the trial court was in the best position to make that determination, and its apparent finding that the procedural delay, whoever caused it, was not good cause for denying an award of retroactive child support does not appear to be manifest error.
*228 James, additionally, argued in his exception that he had budgeted the child support amount set in the Interim Order, which he proposed constituted the requisite good cause for denying retroactive child support. In Welborne, supra, a similar claim was made that good cause existed for not making a retroactive award of child support. This court determined that such a claim would require a showing that the child "was not in need of the increased support or that [the parent making the claim] was unable to pay the increased amount from the date of judicial demand." Id. at 584.
Here, James failed to make such a showing. James failed to prove that the children were not in need of the increased support. Additionally, the record reflects that the retroactive child support award was based on the incomes of the parties from 1996 through 1999. Judith introduced various exhibits which set out the respective incomes of the parties for the years 1995 through 1999, and James stipulated to the correctness of his income as listed on those exhibits. The income listed therein, after some adjustments at the trial, was the basis for the calculation of the applicable child support for the years 1996 through 1999. James only offered the self-serving claim that he had budgeted for the lower amount in accordance with the Interim Order. He makes this claim despite the explicit language of the Interim Order that it was subject to a later award retroactive to the date of judicial filing. Moreover, James does not now dispute the amount of the award, which was a total amount of $9,113.66, only the retroactive application of the award. We further observe whereas the trial court could have rendered judgment for the total amount, which would have been executory after the applicable legal delays, the trial court ordered that the amount awarded be payable over forty-six months (the number of months for which the award was retroactive) without legal interest in deference to the arguments raised by James. Therefore, we do not find that the trial court was manifestly erroneous in its conclusion that good cause did not exist for awarding retroactive child support to Judith.
Moreover, James relies on Commercial Nat. Bank in Shreveport v. Keene, 561 So.2d 813 (La.App. 2d Cir.1990) and Noel v. Landry, 531 So.2d 570 (La.App. 2d Cir. 1988), writ denied, 535 So.2d 746 (La.1989) in support of his argument that the doctrine of laches should have been applied in this case. We do not find either case supportive of James's position, and, in fact, find that those cases actually serve to support the trial court's judgment. Although the doctrine of laches was recognized in each case, in neither case was it applied. In Commercial Nat. Bank, supra at 816, the court noted that "mere delay in enforcement alone is not sufficient" to invoke the doctrine. The Noel court determined that the defendants who claimed the defense presented no evidence to show they suffered harm as a result of the delay. Noel, supra at 574. As already discussed herein, James failed to prove that any delay in bringing the child support matter back before the trial court was solely attributable to Judith or that he was sufficiently harmed by the delay.
In James's second assignment of error, he argues specifically that the trial court erred in awarding Judith child support retroactively to February 28, 1995. This assignment of error obviously has no merit, because the trial court's judgment states that the award of child support is retroactive to 1996 with no mention of the award being retroactive to February 28, 1995. We further note that Judith, who would appear to be statutorily entitled to retroactive child support to the date of judicial demand on February 1, 1995, did not answer the appeal raising the issue of the trial court's award which falls short of that date.[4] The record reflects that the *229 trial court found good cause for not applying child support retroactively to the date of judicial demand, because it noted that Judith failed to present sufficient evidence of James's income in 1995. Therefore, we conclude that the trial court acted within its discretion in fixing a date in lieu of the date of judicial demand.

Conclusion
Accordingly, for the foregoing reasons, the judgment below is affirmed at James's costs.
AFFIRMED.
NOTES
[1] Written judgment was signed by the trial court on November 16, 1999.
[2] "[U]nder the Louisiana legal system, there is no room for the common law doctrine of laches." Songy v. Songy, 98-1103 (La.App. 5th Cir.06/01/99), 738 So.2d 122, 125 and Revision Comments-1982, following La. C.C. art. 3457. "The common law doctrine of laches does not prevail in Louisiana and the legislature may create, shorten, lengthen or abolish prescriptive periods at its discretion." Picone v. Lyons, 601 So.2d 1375, 1377 (La. 1992). The current view of our supreme court is that laches may be applied only in "rare and extraordinary circumstances." T.D. v. M.M.M., 98-167 (La.03/02/99), 730 So.2d 873, 877. In this case, the trial court noted that it would refer the exception, i.e., the issue of the propriety of an award of retroactive child support, to the merits of the case.
[3] Although the judgment failed to mention specifically James's exception, the law provides that when a judgment is silent with respect to any demand, which was an issue in the case under the pleadings, the silence constitutes an absolute rejection of the demand. Brooks v. Tuesday Morning, Inc., 32,452 (La. App.2d Cir.10/27/99), 745 So.2d 161, n. 1, citing, Bamberg v. City of Shreveport, 26,278 (La.App.2d Cir.12/07/94), 647 So.2d 1207, writ denied, 95-0414 (La.03/30/95), 651 So.2d 845.
[4] La. R.S. 9:315.21(E) allows the trial court to set an alternate date and provides as follows: "In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence."