858 So.2d 581 (2003)
Celeste Walther MORAN
v.
Louis Victor MORAN.
No. 2002 CA 1562.
Court of Appeal of Louisiana, First Circuit.
June 27, 2003.
Writ Denied November 7, 2003.
Joseph P. Williams, Jr., Metairie, for Plaintiff-Appellee Celeste Walther Moran.
Mark Alan Jolissaint, Slidell, for Defendant-Appellant Louis Victor Moran.
Before: FITZSIMMONS, GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
In this domestic relations matter, the father has appealed a trial court judgment that revoked the father's interim child support *582 obligation and made his final child support obligation retroactive to the date of judicial demand.

FACTS
The parties in this matter, Celeste Walther Moran (Ms. Moran) and Louis Victor Moran (Mr. Moran), were married in the State of Louisiana on September 23, 1989. Of this marriage, three children were born; namely, Peyton Louis Moran, Brent Louis Moran, and Louis Victor Moran, Jr. The parties physically separated on December 20, 1998, and Ms. Moran filed a Petition for Divorce on January 8, 1999. The initial rule for child support was set for hearing on February 23, 1999. On the date of the hearing, counsel advised the court that a compromise agreement had been reached by and between the parties and this stipulation was made the judgment of the court. This interim order was signed on March 9, 1999, and condemned Mr. Moran to pay interim child support of $206.00 per month.
A Motion and Rule for Judgment of Divorce was filed on behalf of Ms. Moran on January 26, 2000. The parties were subsequently divorced pursuant to a judgment dated February 8, 2000.
On November 15, 2000, a motion for determination of final child support was filed on behalf of Ms. Moran. After several continuances, the trial court heard the rule for final child support on April 25, 2001. At that time, the trial court rendered a judgment that revoked the March 9, 1999 interim order and condemned Mr. Moran to pay child support of $884.00 per month. The judgment further provided that the child support award was made retroactive to the date of judicial demand, January 8, 1999. Mr. Moran was given credit for all child support paid pursuant to the interim order of March 9, 1999.
This judgment was later signed on May 24, 2001.
From this judgment, Mr. Moran has taken a devolutive appeal.

ASSIGNMENT OF ERROR ON APPEAL
In connection with his appeal in this matter, Mr. Moran contends that the trial court erred in making the judgment of final child support retroactive to the filing date of Ms. Moran's Petition for Divorce on January 8, 1999, rather than the date the final child support judgment was signed on May 24, 2001.

DISCUSSION
The Louisiana Constitution of 1974 provides that the appellate jurisdiction of the courts of appeal extends to both law and facts. La. Const. art. V, § 10(B). A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that is manifestly erroneous or clearly wrong. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882, n. 2 (La. 1993). If the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Sistler v. Liberty Mutual Insurance Company, 558 So.2d 1106, 1112 (La.1990).
The essential issue in this appeal is the effect to be given La. R.S. 9:315.21, and whether the trial court erred in making the judgment of final child support in this matter retroactive to the date of judicial demand. Louisiana Revised Statute 9:315.21 provides, in pertinent part, as follows:
*583 § 315.21. Retroactivity of child support judgment
A. Except for good cause shown, a judgment awarding, modifying, or revoking an interim child support allowance shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.
B. (1) A judgment that initially awards or denies final child support is effective as of the date the judgment is signed and terminates an interim child support allowance as of that date.
(2) If an interim child support allowance award is not in effect on the date of the judgment awarding final child support, the judgment shall be retroactive to the date of judicial demand, except for good cause shown, but in no case prior to the date of judicial demand.
C. Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.
. . . .
E. In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence, but in no case shall this date be a date prior to the date of judicial demand.
Through his brief filed with this court, Mr. Moran asserts that an award of final child support should only be effective from the date the judgment of final child support was signed and not retroactive to the date of judicial demand. In support of his position, Mr. Moran directs this court's attention to Pellerin v. Pellerin, 97-2085 (La.App. 4 Cir. 6/17/98), 715 So.2d 617, writ denied, 98-1940 (La.10/30/98), 727 So.2d 1167; Martin v. Martin, 98-165 (La. App. 3 Cir. 6/3/98), 716 So.2d 46; and Falterman v. Falterman, 97-192 (La.App. 3 Cir. 10/8/97), 702 So.2d 781, writ denied, 98-0076 (La.3/13/98), 712 So.2d 863. These cases stand for the proposition that the signing of a judgment of final child support terminates an existing award of interim child support as of that date. Therefore, the appellate courts in the cited cases have held that a trial court's determination that a child support award be retroactive to the date of judicial demand is erroneous as a matter of law.
Ms. Moran responds with the argument that none of the cases cited by Mr. Moran involve a judgment that specifically revokes an interim support award and thereafter makes an award of final support that is retroactive to the date of judicial demand. In support of her contention that the trial judge was correct, Ms. Moran cites the language of La. R.S. 9:315.21(A). Additionally, Ms. Moran relies upon the case of Cory v. Cory, 34,053 (La.App. 2 Cir. 11/1/2000), 771 So.2d 225.
In the Cory case, Ms. Cory filed for divorce on February 1, 1995. At a hearing on February 28, 1995, the trial court made an award of interim support. The issue of final child support was not heard until October 19, 1999, over four and one-half years after the original hearing in February 1995. Ultimately, the trial court ordered Mr. Cory to pay final child support retroactive only to January 1996, not February 1, 1995, the date of judicial demand. Mr. Cory subsequently appealed and assigned as error the retroactivity of the final child support award. However, Ms. Cory did not answer the appeal filed by Mr. Cory, and failed to raise the issue that the trial court's award of final child support fell short of the date set forth by *584 statute.[1] The Second Circuit ultimately concluded that the trial court acted within its discretion in fixing an alternate date in lieu of the date of judicial demand.
After conducting research on this issue, we note that while similar, the facts set forth in this court's opinion in McKenzie v. Thomas, 95-2226 (La.App. 1 Cir. 10/25/96), 678 So.2d 42, writ denied, 96-1855 (La.6/28/96), 681 So.2d 372 are distinguishable from those set forth in the case presently before us. The McKenzie case illustrates the application of La. R.S. 9:315.21 B(2). In McKenzie, there was no award of interim child support; therefore, the trial court, after concluding that Mr. Thomas was the father of the child, awarded child support retroactively. On appeal, this court found that "no good cause existed for not making the support award retroactive", and further found "no abuse of discretion in the trial court's determination that the support award be retroactive." McKenzie, 95-2226 at p. 5, 678 So.2d at 46.
The above-cited cases relied upon by Mr. Moran, namely, Pellerin, Martin, and Falterman, decided by the Third and Fourth Circuits, are at odds with the Cory case, from the Second Circuit, cited by Ms. Moran, and also the trial court's interpretation of La. R.S. 9:315.21. Based upon our review of the provisions of the statute, it is the opinion of this court that the intent of the statute is clear.
Section A of La. R.S. 9:315.21 mandates that except where good cause is demonstrated, a judgment awarding, modifying or revoking an interim child support allowance must be retroactive to the date of demand for same. Correspondingly, Section B(1) of La. R.S. 9:315.21 provides that, thereafter, a judgment that awards or denies final child support takes effect the date the judgment is signed and terminates an interim child support allowance as of that date. See Martin v. Martin, 98-165 (La.App. 3 Cir. 6/3/98), 716 So.2d 46; Pellerin v. Pellerin, 97-2085 (La.App. 4 Cir. 6/17/98), 715 So.2d 617, writ denied, 98-1940 (La. 10/30/98), 727 So.2d 1167; Falterman v. Falterman, 97-192 (La. App. 3 Cir. 10/8/97), 702 So.2d 781, writ denied, 98-0076 (La.3/13/98), 712 So.2d 863.
However, Section B(2) of La. R.S. 9:315.21 mandates that if, on the date a judgment awarding final child support is rendered, an interim child support allowance is not in effect, then, in that event, the judgment awarding final child support must be retroactive to the date of demand for same except in those cases where good cause is demonstrated. As previously noted, this was the situation presented in McKenzie v. Thomas, 95-2226 (La.App. 1 Cir. 6/28/96), 678 So.2d 42, writ denied, 96-1855 (La.10/25/96) 681 So.2d 372.
Section C of La. R.S. 9:315.21 provides that a judgment subsequently modifying or revoking a final child support judgment must be retroactive to the date of demand for same except in those cases where good cause is demonstrated. See Lloyd v. Lloyd, 94-0421 (La.App. 1 Cir. 12/22/94), 649 So.2d 32.
Upon application of the foregoing precepts to the facts of this case, it is the conclusion of this court that the trial court erred when it revoked, on its own motion, the March 9, 1999 interim support allowance only to award final child support retroactive to January 8, 1999, the date the petition for divorce was filed. Initially, we note that while Ms. Moran sought child support in connection with the filing of her *585 divorce petition, the record reflects that she did not judicially demand a determination of final child support until she filed her motion for same on November 15, 2000. The amount of final child support to which Ms. Moran was entitled was not fixed by the trial court until the hearing on April 25, 2001, and a judgment to this effect was not signed until May 24, 2001.
Pursuant to a plain reading of the statute, and in light of the fact that an interim child support allowance was in effect on the date of the judgment awarding final child support, the trial court's award of final child support was effective only from the date the judgment was signed, and terminated the interim child support allowance as of that date. Thus, the trial court's express revocation in the judgment of the interim child support allowance was unnecessary. Pursuant to La. R.S. 9:315.21 B(1), the May 24, 2001 judgment terminated the Interim child support allowance, and the final child support award became effective that date. For this reason, the trial court's determination that the final child support award be retroactive to January 8, 1999, the filing date of the petition for divorce, is erroneous as a matter of law.

CONCLUSION
For the foregoing reasons, it was unnecessary for the trial court to revoke the earlier judgment setting forth an interim child support allowance. Mr. Moran shall pay final child support to Ms. Moran in the amount of $884.00 per month payable on the first and fifteenth days of each month. In accordance with La. R.S. 9:315.21 B(1), this award became effective as of May 24, 2001, the date the judgment was signed. Accordingly, there was no need for Mr. Moran to be given credit for those amounts he may previously have paid. In all other respects, the judgment of May 24, 2001, is hereby affirmed.
All costs associated with this appeal shall be assessed against plaintiff-appellee, Celeste Walther Moran.
JUDGMENT AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] On appeal, the Second Circuit noted that the trial court found good cause for applying child support retroactively to the date of judicial demand because it noted that Ms. Cory failed to present sufficient evidence of Mr. Cory's income in 1995.