NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 13-515

CHRISTINA BARTLETT RICARDI , NOW MERCER

VERSUS

TERRANCE E. MOREAU

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 208,414
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Billy Howard Ezell, Judges.

REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.

Henry Howard Lemoine, Jr.
607 Main St.
Pineville, LA 71360
(318) 473-4220
COUNSEL FOR DEFENDANT/APPELLEE:
    Terrance E. Moreau

**Field Vernon Gremillion, III**
**711 Washington St.**
**Alexandria, LA 71301**
**(318) 445-6021**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Christina Bartlett Ricardi Mercer**

**EZELL, Judge.**

Christina Mercer appeals the decision of the trial court below increasing the child support obligation of Terrance Moreau retroactively to August 1, 2012, rather than September of 2011, when she filed to modify child support. For the following reasons, we hereby reverse the decision of the trial court.

On April 15, 2002, Mrs. Mercer commenced these proceedings by filing a rule to establish custody of her and Mr. Moreau's child, Alyssa. Mrs. Mercer was awarded sole custody and child support in the amount of $115.00 per week. On September 22, 2011, she filed a rule for contempt and recomputation of child support. After several continuations at the request of Mr. Moreau's attorney, due to health and family issues suffered by the attorney, and one hearing date in which Mr. Moreau completely failed to appear in court, issues pertaining to arrearages accrued were settled and the trial court ruled that child support should be increased to $1,088.00 per month. Rather than applying this ruling retroactively to the date of filing, the trial court made the increase in child support retroactive only to August 1, 2012. From that decision, Mrs. Mercer appeals.

Mrs. Mercer asserts only one assignment of error on appeal, that the trial court erred in failing to make the increase in child support retroactive to the original September 22, 2011 filing date.

"Except for good cause shown, a judgment modifying or revoking a final child support judgment *shall* be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand." La.R.S. 9:315.21 9(c) (emphasis ours).

> When the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence. La. R.S. 9:315.21(E); *State, Department of Social Services ex rel. C.J.V. v. Neathery,* 39,796 (La.App. 2d Cir.7/29/05), 909 So.2d 40; *Curtis v. Curtis,* 34,317

> (La.App. 2d Cir.11/1/00), 773 So.2d 185. The burden is on the obligor parent to show good cause for not making the award retroactive to the date of judicial demand. *Welborne v. Welborne,* 29,479 (La.App. 2d Cir.5/7/97), 694 So.2d 578, *writs denied,* 97-1800 (La.10/13/97), 703 So.2d 621, 97-1850 (La.10/13/[97]), 703 So.2d 623; *Rutledge v. Rutledge,* 41,792 (La.App. 2d Cir.12/13/06), 945 So.2d 307. The trial court is vested with much discretion in fixing awards of child support. The court's reasonable determinations shall not be disturbed unless there is a clear abuse of discretion. *State, Department of Social Services ex rel. C.J.V. v. Neathery, supra; Curtis v. Curtis, supra; Cory v. Cory,* 34,053 (La.App. 2d Cir.11/1/00), 771 So.2d 225.

*Harrington v. Harrington*, 43,373, pp. 10-11 (La. App. 2 Cir. 8/13/08), 989 So.2d 838, 844. We find that the trial court here did abuse its discretion.

In *Welborne*, the court refused to find good cause when the trial was suspended for over a year due to procedural delays and joint continuances. The court stated that to "demonstrate 'good cause' for not making a child support award retroactive, [the obligor] is required to show that [the child] was not in need of the increased support or that he was unable to pay the increased amount from the date of demand." *Id.* at 584. We find that case to be very persuasive.

In this case, Mr. Moreau has made absolutely no showing of good cause to deny Ms. Mercer support retroactive to the date of demand. No evidence was introduced that Mr. Moreau would be unable to pay the support or that Alyssa was not in need of the increased amount. Ms. Mercer never desired a continuance in this matter and frequently attempted to have the matter heard, but was deterred because of opposing counsel's health. Mr. Moreau directly caused some of these delays by failing to appear at one hearing before his attorney developed his health problems. The delays in this case were not the fault of Ms. Mercer, and Mr. Moreau should not receive a financial windfall as a result of them. Moreover, the trial court neither showed good cause nor gave any reasons for its actions.

2

Accordingly, we reverse this portion of its ruling and make the increase retroactive to the date of judicial demand.

For the foregoing reasons, we find that the trial court erred in failing to make the increased child support award retroactive to September 22, 2011, and reverse that ruling. We order that the child support award of $1,088.00 per month be made retroactive to that date. The remainder of the judgment shall remain unchanged. Costs of this appeal are hereby assessed against Mr. Moreau.

**REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2–16.3.