|,TERRI F. LOVE, Judge.
The instant case involves a divorce proceeding and subsequent child support determination. Elena Garcia Rodriguez, appellant, argues that the trial court committed manifest error in “failing to determine the proper amount of child support” assessed to her husband, Diego Rodriguez, for the interim period between filing the initial action and the first hearing on child support. Furthermore, Ms. Rodriguez asserts that the trial court erred in failing to award any child support retroactive to the date of filing this action. Diego Rodriguez, in cross-appeal, argues that the trial court erred in the award of alimony pendent lite, in failing to award retroactive child support, in failing to order payment of extraordinary medical expenses, and in awarding the state and federal tax exemptions. For the following reasons, we affirm in part and reverse in part the ruling of the trial court; we remand for further proceedings.
FACTUAL AND PROCEDURAL HISTORY
On December 12, 1997, Elena Garcia Rodriguez, wife of Diego Antonio Rodriguez, filed a petition for divorce, custody, child support, alimony pendente lite, permanent alimony, use of the matrimonial domicile, partition of community property, court costs and attorney fees, and injunc-tive relief. The parties have four | ^children; three are minors. On July 8, 1998, the parties appeared in court and orally entered into an Interim Consent Judgment, which ordered that Elena Garcia Rodriguez would have temporary custody of the children pending a custody evaluation, temporary use and occupancy of the matrimonial home, and that Diego Rodriguez was to pay $1,000.00 per month in interim child support, pending a hearing. Elena Garcia Rodriguez did not sign the Interim Consent Judgment until March 10, 1999. The judgment stated in part:
It is further ordered, adjudged and decreed that Diego Antonio Rodriguez-Abellon shall pay interim child support in the amount of one thousand ($1,000.00) dollars per month to Elena Garcia Rodriguez. Mrs. Rodriguez shall *371 be responsible to pay the first mortgage on the community home with said child support payment. Should Mrs. Rodriguez be late on any one payment, Mr. Rodriguez-Abellon shall send notice to Mrs. Rodriguez that she is to make the account immediately current, and Mr. Rodriguez-Abellon shall return to paying the first mortgage with the difference being paid directly to Elena Rodriguez as child support. The award of child support is a determination without prejudice to either party and each party reserved all rights to claim retroactivity. . .In the event that Mr. Rodriguez-Abellon makes the mortgage payments directly, that arrangement shall remain in effect until the partition of the community property, at which time he will resume paying whatever child support award is currently in effect to Elena Garcia Rodriguez.
A Judgment of Divorce was entered on December 8, 1998. A hearing to determine child custody and support was held on April 20 and 25, 2000. Judgment was rendered in open court, and signed on May 11, 2000, effectively terminating the conditions of the Interim Consent Judgment, which awarded Elena Garcia Rodriguez custody of the children and use of the matrimonial home. The terms of the May 11, 2000, judgment designated Diego Rodriguez as custodial parent, and awarded him child support in the amount of $200.00 per month for nine months of the year, forty percent of the children’s private school tuition to be paid by Elena Garcia Rodriguez, and permanent use of the matrimonial home, effective June 1, |a2000. In addition, Elena Garcia Rodriguez was awarded alimony pendente lite in the amount of $850.00 per month beginning June 1, 2000 and ending May 1, 2001.
Diego Rodriguez filed a motion for partial new trial seeking an increase in child support awarded and a decrease in spousal support awarded, and a change of the tax dependency exemptions allowed for the minor children. On September 19, 2000, the trial court granted Diego Rodriguez’s motion for partial new trial, limited to the issues of child support and the federal and state tax dependency deduction of the minor children. Diego Rodriguez retained permanent custody of the children.
A hearing on the partial new trial was held on February 5 and 15, 2001. Judgment was signed on March 20, 2001 awarding Diego Rodriguez monthly child support in the amount of $983.00, effective April 1, 2001. The previous order providing that each of the parties be allowed to claim two of the minor children was amended to allow Diego Rodriguez to claim the three youngest children, and Elena Garcia Rodriguez would be allowed to claim the oldest child for her final year of minority.
On April 16, 2001, Elena Garcia Rodriguez filed a Petition and Order for Appeal, seeking review of the original judgment rendered on May 11, 2000, and the denial of her Motion for New Trial on April 3, 2001, as well as the judgment on the partial new trial rendered on March 20, 2001.
In this appeal, Elena Garcia Rodriguez seeks review of the judgment rendered May 11, 2000, which denied her request for retroactive payment of child support awarded in the Interim Consent Agreement, for the time period between filing the initial action, on December 12, 1997, and the judgment entered on May 11, 2000, a twenty-nine month period. Elena Garcia Rodriguez argues that the trial court did not assess the proper amount of child support to be paid by Diego | .Rodriguez during that period; further, she argues that since he chose to pay the first mortgage on the matrimonial home *372 instead of making payments directly to her, she is entitled to retroactive payment for the period between December 12, 1997 and May 11, 2000.
Diego Rodriguez, in cross-appeal, seeks review of the judgments of May 11, 2000 and March 20, 2001. He argues specifically that the trial court erred in its award of alimony pendente lite to Elena Rodriguez. Diego Rodriguez further argues that the trial court failed to award child support retroactive to June 1, 2000, when he was designated the domiciliary parent of the minor children. He argues that the trial court erred in failing to order payment of extraordinary medical expenses. Finally, Diego Rodriguez asserts that the trial court erred when it awarded Elena Rodriguez the right to claim their eldest child as a dependent for federal and state income tax purposes.
DISCUSSION
In her assignment of error, Elena Garcia Rodriguez asserts that she was entitled to a greater amount of interim child support and the court should have increased the interim award retroactively.
Although she never cites to evidence in the record, Elena Garcia Rodriguez asserts based on her husband’s income she was entitled to $1,696.08, plus seventy-five percent of the school tuition. Elena Garcia Rodriguez asserts that Diego Rodriguez paid only the first mortgage on the matrimonial home in the amount of $956.00 per month instead of paying $1,000.00 directly to her, and that this payment of the house note should only give him credit for his child support obligation for one-half of the note, or $478.00, per month, considering Diego Rodriguez was eventually awarded the matrimonial home.
IsElena Garcia Rodriguez argues evidence was presented that Diego Rodriguez earned $7,242.21 per month at the time of the first hearing in April of 2000, and that she worked for her parents at a salary of $2,500.00 per month, which included use of an automobile. She further argues that she was forced to live off credit card advances and loans from her family, which she says account for the $4,500.00 per month additional income deposited into her checking account concurrent with the litigation. Elena Garcia Rodriguez asserts that the child support for the period in question should have been determined using that income of the parties, which she claims is $7,242.21 for Diego Rodriguez and $2,500.00 for herself. She claims that based on these figures, Diego Rodriguez should have been ordered to pay child support for the four minor children of $1,696.08 per month, plus seventy-five percent of the school tuition. Elena Garcia Rodriguez argues that $1,696.08 should be awarded retroactively for the full twenty-nine month period in question, a total award of $49,186.32.
The Interim Consent Judgment, which was entered on July 8, 1998, and signed by Elena Garcia Rodriguez, awarded her, on a temporary basis, the matrimonial home, custody of the minor children, and an award of interim child support of $1,000.00 per month to be paid by Diego Rodriguez, until the above matters could be heard at trial. Our review of the record shows that Elena Garcia Rodriguez agreed to the terms of the Interim Consent Judgment despite her delay in signing. There is no record of Elena Garcia Rodriguez attempting to modify the amount of interim child support. Further, this Court in Ventura v. Rubio, 2000-0682, p. 10 (La.App. 4 Cir. 3/16/01), 785 So.2d 880, 888, discussed the determination of interim child support. As we noted in that case, a court shall set interim support only when verified income statements are furnished. We find that lfisuch statements were provided to the trial court and after *373 considering the law, evidence, and the consent of the parties, the trial court did not commit manifest error in setting the interim child support award as stated in the Interim Consent Agreement.
Elena Garcia Rodriguez bases her entire argument for retroactivity on the premise that instead of paying child support directly to her, Diego Rodriguez instead paid the first mortgage on the matrimonial home for twenty-nine months. Since he was eventually awarded the home, she argues that she is therefore entitled to retroactive payment for the months between filing this action and May 31, 2000. As stated above in the Interim Consent Judgment, Diego Rodriguez had the option to pay the first mortgage until the partition of the community property, which is what he did. Contrary to Elena Garcia Rodriguez’s protestations, the fact that the partition of the community property ultimately gave Diego Rodriguez sole ownership of the matrimonial home has no bearing on the Interim Consent Judgment. Elena Garcia Rodriguez is not entitled to a retroactive payment of child support from that agreement based on her arguments.
This Court in Pellerin v. Pellerin, 97-2085 (La.App. 4 Cir. 6/17/98), 715 So.2d 617, discussed the provisions of La. R.S. 9:315.21, which states in part:
(A) Except for good cause shown, a judgment awarding, modifying or revoking an interim child support allowance shall be retroactive to the date of judicial demand.
(B) (1) A judgment that initially awards or denies final child support is effective as of the date the judgment is signed and terminates an interim child support allowance as of that date.
(2) If an interim child support allowance is not in effect on the date of the judgment awarding final child support, the judgment shall be retroactive to the date of judicial demand, except for good cause shown.
|7As this Court found in Pellerin, the statute allows retroactive payment of child support only if there is a modification or revocation of the interim child support allowance. This does not exist in this case, as the interim award was unchanged for nearly two years. Elena Garcia Rodriguez fervently argues that the statement in the interim consent judgment regarding retro-activity gives her the right to demand retroactive payment; however, we find that this statement is not in conflict with the statute and that the rule set out in the statute is controlling.
Further, this Court in Pellerin held that a final award of child support is not a modification of the interim award but is a new award that terminates the interim award. Therefore, there can be no retro-activity of an unmodified interim child support award after the final award is set.
As the facts of this case show, Elena Garcia Rodriguez did not modify the interim child support award and as such is not entitled to retroactivity under La. R.S. 9:315.21(A), and since there was an interim agreement, she is not entitled to retroac-tivity under 9:815.21(B)(2); hence, all of Elena Garcia Rodriguez’s claims of retro-activity are completely without merit. We find that the trial court did not commit manifest error in finding that she had no claim to retroactivity for the interim child support agreement.
In his first assignment of error, Diego Rodriguez asserts that the trial court erred in awarding alimony pendente lite to Elena Rodriguez.
Diego Rodriguez argues that the award of alimony pendente lite was awarded after the divorce was finalized, in violation of Wascom, v. Wascom, 96-0125 (La.4/8/97), 691 So.2d 678. He argues alternatively *374 that the award should be limited to the time period between the couple’s physical separation in June 1998, |Rthrough the time the divorce was made final in December of 1998. Finally, he argues Elena Garcia Rodriguez did not establish her financial need for the award.
In Wascom, the Louisiana Supreme Court concluded, “alimony pendente lite may not be awarded for any period of time after the rendition of a final judgment of divorce.” Diego Rodriguez argues this holding precludes Elena Garcia Rodriguez from being entitled to the award of alimony pendente lite by the trial court. However, Diego Rodriguez misreads the case. The language of Wascom prohibits awards of alimony pendente lite for any “period of time after the rendition of a final judgment of divorce.” In the instant case the original petition for divorce was filed in December 1997 and rendition of the final judgment was granted one year later in December of 1998. The first hearing on support was not held until April 20, 2000. In the Interim Consent Judgment of March 10, 1998, Elena Garcia Rodriguez reserved her right to litigate the issue of interim spousal support, however because of numerous delays, the first hearing on such issues didn’t occur until over two years later. In the testimony, the trial court makes clear that the spousal support awarded to Elena Garcia Rodriguez was alimony pendente lite. The fact that this award was made retroactively and was to be paid in monthly installments between June 1, 2000 and May 1, 2001, does not mean the award is in conflict with the Supreme Court’s ruling. The award was for the time period preceding the finalization of the divorce in which Diego Rodriguez was not paying alimony pendente lite to Elena Garcia Rodriguez. Therefore we find that the award of alimony pendente lite was proper.
Diego Rodriguez’s argument that if the award for alimony pendente lite is found to be proper, that it should be restricted to the time period of actual physical separation is not persuasive. The Interim Consent Judgment gave Elena Garcia |flRodriguez use of the matrimonial home. Diego Rodriguez did not vacate the home as agreed and instead, as the record shows, barricaded himself in one part of the house by use of a dead bolt lock. During this time, Diego Rodriguez did not contribute to any of the household expenses, including groceries, utilities, phone service, water, etc. It wasn’t until Diego Rodriguez took a trip to Europe in May of 1998, that Elena Garcia Rodriguez was able to get him out of the matrimonial home. As such, Diego Rodriguez’s presence in the matrimonial home between December 1997 and June 1998 does not indicate that he provided any support to his wife or family for that time period. He only paid the mortgage on the house in lieu of child support payments to Elena Garcia Rodriguez, which was his choice under the Interim Consent Judgment, discussed above. Given his lack of support to Elena Garcia Rodriguez even during the time of his physical occupation of the matrimonial home, we find that the trial court did not err in awarding alimony pendente lite for the twelve months between December 1997 and December 1998.
Diego Rodriguez further asserts that Elena Garcia Rodriguez failed to establish financial need for the award. The trial court is vested with much discretion in determining awards of spousal support. Such determinations will not be disturbed absent a clear abuse of discretion. McDermott v. McDermott, 32,014 (La.App. 2 Cir. 6/16/99), 741 So.2d 186, 188. In order to demonstrate need for interim pe *375 riodic spousal support, the claimant spouse has the burden of proving that she lacks sufficient income to maintain the standard of living that she enjoyed while residing with her spouse. Thomey v. Thomey, 33,-000 (La.App. 2 Cir. 4/7/00), 756 So.2d 698, 702. Upon review of the record, we find that the trial court had sufficient evidence to assess Elena Garcia Rodriguez’s need during the period between December 1997 and December 1998. The trial court heard testimony Imfrom Timothy G. Murphy, a certified public accountant, who established Elena Garcia Rodriguez’s monthly expenses, and reviewed her bank and credit card statements, income tax returns, and records of loans made to Elena Garcia Rodriguez for the period between December 1997 and December 1998. Through this evidence Elena Garcia Rodriguez demonstrated that alone she lacked the income to maintain a standard of living equivalent to that which she enjoyed when she was still living with Diego Rodriguez as his wife. Our review of the record demonstrates that the trial court did not commit manifest error in finding that Elena Garcia Rodriguez had demonstrated financial need for alimony pendente lite.
In his second assignment of error, Diego Rodriguez asserts that the trial court failed to award child support retroactively to date of demand in conjunction with the award of custody.
Diego Rodriguez cites to La. R.S. 9:315.21 to support his argument for retro-activity. Specifically he highlights section (B)(2); however, we find that section (C) is more applicable in this instance. It states:
Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand.
On April 25, 2000, in open court, Diego Rodriguez was awarded custody as domiciliary parent beginning June 1, 2000. He was also awarded child support in the amount of $200 per month, plus 40 percent of the tuition obligation for the four children, also to begin on June 1, 2000. Diego Rodriguez filed a motion for a new trial on the issue of child support on May 8, 2000, after the trial court rendered judgment in open court but before a written judgment was signed. On March 20, 2001, the trial court issued a written judgment modifying its April 25, 2000 ruling, and awarded Diego Rodriguez child support in the amount of $983.00 per month, In payable in two equal installments of $491.50 on the 1st and 15th day of each month. The trial court made this order effective beginning April 1, 2001, and denied all requests for retroactivity. Diego Rodriguez argues that the modified final award of child support should be retroactive to the original award of child support, June 1, 2000. The trial court in its judgment of March 20, 2001, gave no reasons as to why it was not awarding retroactive child support, deviating from La. R.S. 9:315.21(C), and thus violating La. R.S. 9:315.1(B), which states that “the court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines.” Since no such reasons are present in the record, we find that the trial court erred in not awarding retroactive payment of the redetermined child support award. Diego Rodriguez is entitled to retroactive payment of the modified child support award to June 1, 2000.
In his third assignment of error, Diego Rodriguez argues that the trial court failed to order payment of extraordinary medical expenses proportionate to the parties’ respective child support obligation.
La. R.S. 9:315.5 states:
*376 By agreement of the parties or order of the court, extraordinary medical expenses incurred on behalf of the child shall be added to the basic child support obligation.
This statute does not mandate that extraordinary medical expenses be added to the basic child support award in anticipation of possible future extraordinary medical expenses, but that if they are incurred they shall be added to the basic child support obligation. Since Diego Rodriguez has offered no evidence that such extraordinary | ^expenses exist, this assignment of error is irrelevant. We find no error of the trial court on this issue.
Finally, Diego Rodriguez asserts that the trial court erred by allowing Elena Garcia Rodriguez to claim their oldest child as a dependent for the last year of her minority as a federal and state income tax exemption.
La. R.S. 9:815.18, which provides for tax exemptions, states in part:
B. (1) The non-domiciliary party whose child support obligation is equal to or greater than fifty percent and equal to or less than seventy percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions if, after a contradictory motion, the judge finds both of the following:
(a) No arrearages are owed by the obligor.
(b) The right to claim the dependency deductions or, in the case of multiple children, a part thereof, would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.
At the first trial, the trial court awarded both Elena Garcia Rodriguez and Diego Rodriguez each the right to claim two of their four children for tax purposes. The trial court’s judgment in the partial new trial restricted Elena Garcia Rodriguez to claim only the eldest child in her final year of minority for tax purposes. In the case sub judice, it is not clear whether Elena Garcia Rodriguez’s child support obligation of $983.00 is greater than or equal to fifty percent of the total child support obligation. However, given the evidence in the record, we find no clear or manifest error in the trial court awarding Elena Garcia Rodriguez the tax exemption for one child. Although the statute above establishes when a party may claim federal and state tax dependency deductions, this statute does not preclude the trial court from awarding a party a federal and state tax dependency deduction as part of the child support obligation, as is the case here. We therefore conclude |13that there is adequate support in the record for the actions of the trial court on this issue.
CONCLUSION
For the foregoing reasons, we find that the trial court did not commit manifest error in either determining the amount of the interim child support award, or finding that Elena Garcia Rodriguez was not entitled to retroactive payment of the interim award after the final judgment was made. We further affirm the award of alimony pendente lite to Elena Garcia Rodriguez, and find that the trial court did not err in either failing to order payment of extraordinary medical expenses proportionate to the parties’ respective child support obligation or in awarding Elena Garcia Rodriguez the right to claim the eldest child as a federal and state tax dependency deduction. However, we reverse the trial court in part, and find that the modified child support awarded to Diego Rodriguez should be awarded retroactively to June 1, 2000.
*377 AFFIRMED IN PART; REVERSED IN PART; REMANDED.