989 So.2d 838 (2008)
Polly Passman HARRINGTON, Plaintiff-Appellee
v.
Samuel "Sonny" HARRINGTON, Defendant-Appellant.
No. 43,373-CA.
Court of Appeal of Louisiana, Second Circuit.
August 13, 2008.
*839 The Boles Law Firm by Robert W. Kostelka, Monroe, for Appellant.
Hammonds & Sills by Linda K. Ewbank, Baton Rouge, for Appellee.
Before GASKINS, PEATROSS, and DREW, JJ.
GASKINS, J.
The defendant, Samuel Guy "Sonny" Harrington, appeals from a trial court judgment increasing the amount he is to pay for child support. The plaintiff, Polly Passman Harrington, now Bryant, answered the appeal. For the following reasons, we affirm in part and amend in part the trial court judgment.

*840 FACTS
Polly Passman Harrington Bryant (Polly) and Samuel Guy "Sonny" Harrington (Sonny) were married in May 1989; they had two daughters, Hannah and Holly. In January 1997, Polly filed a petition for divorce. In April 1997, the trial court entered a judgment granting the parties joint custody of their children and ordering Sonny to pay $666 per month in child support. He was also to maintain insurance for the children. Polly was allowed to claim Holly on her income tax return and Sonny was allowed the income tax credit for Hannah. The divorce decree was entered in September 1997. The parties later agreed jointly to modify their child support judgment to allow Sonny to satisfy his obligation by paying for Holly's special education at a private school called Learning Tech. He also insured the children through his new wife's employment.
In November 2004, Polly filed a rule to increase child support. Polly alleged a material change in circumstances, claiming that Holly's medical and education needs had increased, requiring an increase in child support.
In March 2005, a hearing officer conference was held in which the parties agreed to upset the trial of the matter without date, subject to refixing upon the motion of either party. The parties and children were to be evaluated and/or counseled by a psychologist.
In September 2006, Polly sought to move forward with her petition for an increase in child support. She filed a motion and order to reset the hearing officer conference, stating that the psychologist they had been ordered to see had closed his practice. Sonny answered, arguing that there was no procedure for resetting a hearing officer conference when there is no demand for relief to be granted. Sonny outlined the amounts he had spent in support of the children.
In January 2007, Sonny filed an exception of no cause or no right of action, claiming that Polly had recently delivered Holly to him and requested that he assume principal custody of the child. He maintained that Polly abandoned her claim for an increase in child support. Trial on the matter was set for January 2007. Sonny sought to have the hearing dismissed.
Polly argued that Holly was with Sonny due to a behavioral problem and it was expected that the arrangement was temporary. Therefore, she urged that the exception of no cause/no right of action should be denied.
On February 12, 2007, the trial court rendered a judgment denying the exception of no cause/no right of action. Joint custody was maintained. Recognizing the parties' actions in splitting primary custody of the children, the court ordered that Polly had the primary custody of Hannah and Sonny had the primary custody of Holly, with liberal visitation to each parent. The child support issue was passed until March 2007.
A hearing on the child support issue was held on March 26, 2007.[1] In July 2007, the trial court filed its reasons for judgment. The court recognized the split custody arrangement of February 2007, with one child living mainly with each parent. The court observed that Sonny was somewhat evasive regarding his income and had testified that he had a gross income of $15,000 in 2006. The court also noted Sonny's affidavit to the hearing officer *841 in 2005 in which he reported grossing $3,494 per month, or a total of $41,928 per year. However, the court remarked that Sonny's own CPA did not know his true income. The court determined that both parties failed to provide sufficient facts and information to convince the court that it should add to or deduct from the representation of Sonny's gross income in 2005, with one exception. The trial court considered that $1,692 of Sonny's spouse's income should be included in the child support calculations. This was the amount by which the income of Sonny's current spouse contributed to his expenses. Considering these factors, the court found that Sonny's monthly income was $5,184.
The trial court then calculated the child support obligation. Based on Sonny's gross monthly income of $5,184, and Polly's of $1,733, the court determined that Sonny is responsible for 75 percent of the child support obligation and Polly is responsible for 25 percent. The court calculated that the amount of child support due is $1,361 plus $542, the extraordinary cost of Holly's schooling. The court concluded that Sonny owed Polly $1,427.25 in child support, minus the $542 he pays for the school, for the period of time that both children lived with Polly. Therefore, Sonny owed Polly $885.25 per month in child support, through December 2006. Considering the record of delays in this case and Sonny's "faithful" payments under the agreed modified support plan, the court found that it would be unfair to make the new award retroactive to the date of the filing of the petition for an increase in support. The court made the award retroactive for 10 months, finding that Sonny owed an arrearage of $8,852.25.[2] This amount was to be paid at a rate of $350 per month beginning on July 15, 2007. The arrearage amount was in addition to the new child support award outlined below.
In ruling on the future child support obligation, the court considered that the parties had split custody of the children, with Polly having primary custody of Hannah and Sonny having primary custody of Holly. Accordingly, the court found that Sonny's share for Hannah is $510.38 and Polly's share for Holly is $305.63. Based on these figures, the court found that Sonny owes Polly a difference of $204.75 per month from January 15, 2007 forward. Sonny owed an arrearage of $1,228.50 for the period of time from January 15, 2007, until June 15, 2007.
In supplemental reasons for judgment, the court allowed Polly to claim the tax exemption for Hannah. The court found that Sonny's income is approximately three times that of Polly and if Polly had no tax exemption, she would likely have to pay a small amount of income tax. According to the court, Polly might be entitled to an earned income credit, which would be more of a benefit to her than to Sonny. For those reasons, the court found that it would be in the best interest of Hannah to allow Polly to claim her on her income tax, while Sonny is entitled to claim the exemption for Holly.
The trial court also specified that Sonny would maintain insurance on the children and that the parties are to share uncovered medical and dental expenses with Sonny to pay 75 percent and Polly to pay the remaining 25 percent.
On August 15, 2007, the trial court rendered a judgment incorporating its reasons *842 for judgment and supplemental reasons for judgment.
In July 2007, after the court filed its reasons for judgment, but before the judgment was signed, Sonny filed a motion for new trial, asking that the trial court reconsider its reasons for judgment and/or set aside any judgment rendered therein. He claimed that the trial court could not make the child support award retroactive. Sonny argued that a final support award which follows an interim award is effective only from the date of the signing of the judgment.
He also argued that the trial court cannot allow Polly to claim Hannah as a dependent for tax purposes because the nondomiciliary parent whose support obligation meets or exceeds a certain percentage of the total child support obligation is entitled to the tax deduction.
Sonny further contended that the trial court did not properly apply or consider the earnings of his new spouse. In this case, he maintained that there was no evidence of the income of his spouse and that the court failed to consider that they are supporting two other children. A hearing on the motion for new trial was set for October 2007.
On December 7, 2007, the trial court signed and filed a judgment denying the motion for new trial. The court found that its prior ruling was a modification of a final judgment for child support, not an initial or interim award; therefore, retroactive application was proper. The court determined that it was justified in allowing Polly to claim the income tax deduction for Hannah. According to the court, allowing Sonny to claim Hannah would not substantially benefit him and would significantly harm Polly. The court concluded that it had the authority to award a federal or state tax dependency deduction as a part of a child support obligation where there was adequate justification for the action taken.
The trial court found that it properly considered the earnings of Sonny's present spouse in setting the child support obligation. The court reasoned that it is allowed to consider as income the benefit a party derives from expense sharing or other sources of income of another spouse to the extent that such income is used directly to reduce the cost of the party's actual expenses. The court stated that a party may not use a second marriage as a basis for relief of the obligation owed to the children of the first marriage.
Sonny appealed. Polly answered the appeal.

RETROACTIVE APPLICATION OF CHILD SUPPORT AWARD
Sonny contends that the trial court erred in making retroactive any portion of the increase in child support attributable to the time both children lived primarily with Polly. Polly answered the appeal, arguing that the trial court erred in failing to make the child support award retroactive to the date of filing of the rule for increase. We reject both parties' arguments and affirm the trial court ruling to make the support payments retroactive for 10 months.

Sonny's Argument
Sonny contends that the trial court erred in retroactively applying the increase in child support awarded for the time both children lived with Polly. He argues that the parties had been operating under an interim child support agreement since 1997 when they voluntarily modified the prior court-ordered child support award. Sonny asserts that the consent agreement between the parties, whereby his child support obligation would be satisfied by the payment of Holly's school tuition, *843 constituted an interim child support allowance. Therefore, the trial court's award in this case was an initial award of child support which, under La. R.S. 9:315.21(B)(1), is effective only from the date of the new judgment.
Polly contends that the trial court was correct in finding that there was no interim support award. She points out that in April 1997, the court entered a final judgment ordering Sonny to pay $666 per month in child support. Although the parties jointly consented to modify their agreement extrajudicially, there was no interim support agreement. Therefore, she asserts that the award in the present case was properly ordered to apply retroactively.
Regarding interim allowances and final child support awards, La. C.C. art. 141 states:
In a proceeding for divorce or thereafter, the court may order either or both of the parents to provide an interim allowance or final support for a child based on the needs of the child and the ability of the parents to provide support.
The court may award an interim allowance only when a demand for final support is pending.
The retroactivity or prospective application of child support awards is governed by La. R.S. 9:315.21, which provides in pertinent part:
A. Except for good cause shown, a judgment awarding, modifying, or revoking an interim child support allowance shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.
B. (1) A judgment that initially awards or denies final child support is effective as of the date the judgment is signed and terminates an interim child support allowance as of that date.
(2) If an interim child support allowance award is not in effect on the date of the judgment awarding final child support, the judgment shall be retroactive to the date of judicial demand, except for good cause shown, but in no case prior to the date of judicial demand.
C. Except for good cause shown, a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, but in no case prior to the date of judicial demand.
....
E. In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence, but in no case shall this date be a date prior to the date of judicial demand.
An interim allowance may be awarded only when final support is pending. In this case, no support was awarded until after a rule to show cause was heard. Then, on April 22, 1997, the trial court entered a final judgment for child support ordering Sonny to pay $666 per month. Sonny's argument that the agreement between the parties to modify the courtordered child support judgment was an interim child support allowance is not supported in the law.
In Dubroc v. Dubroc, 388 So.2d 377 (La. 1980), cited by Sonny, the parties had a child support judgment, but then agreed between themselves to suspend the payments. Later, the wife sought to recover past-due child support based upon the trial court judgment. The issue in that case was whether the agreement to suspend child support payments was enforceable. The Louisiana Supreme Court found that the agreement was enforceable if it meets the requirements for a conventional obligation *844 and fosters the continual support and upbringing of the child.
The cases of Rodriguez v. Rodriguez, XXXX-XXXX (La.App. 4th Cir.1/29/03), 839 So.2d 368, writ denied, XXXX-XXXX (La.5/30/03), 845 So.2d 1059, and Moran v. Moran, XXXX-XXXX (La.App. 1st Cir.6/27/03), 858 So.2d 581, writ denied, 2003-2124 (La.11/7/03), 857 So.2d 502, cited by Sonny, are also inapposite to the present case. In Rodriguez, the trial court had entered an interim consent judgment governing child support. When the court entered a final child support award, it could not be applied retroactively. In Moran, the trial court revoked an interim order for child support and then made a final child support award. Under those facts, the final support award was not retroactive.
In the present case, there was no interim child support allowance pending and there was no issue about the enforceability of the consent agreement. A final child support judgment was entered in this matter in April 1997 and was modified by the parties, and then again by the judgment in the present case. Therefore, La. R.S. 9:315.21(C) is applicable and provides that the judgment shall be retroactive to the date of judicial demand except for good cause shown. Sonny's argument to the contrary is without merit.

Polly's Argument
In her answer to this appeal, Polly contends that the trial court erred in making the award retroactive for only 10 months. She urges that the award should be applied retroactively to the date that she filed the rule for an increase in 2004. Polly argues that the trial court erred in finding good cause for not making the award retroactive to the date of the filing. This argument is without merit.
In ruling that the child support award would be retroactive, but only for 10 months, instead of to the date of the filing of the rule for an increase, the trial court relied on La. R.S. 9:315.21. La. R.S. 9:315.21(C) provides that a judgment modifying or revoking a final child support judgment shall be retroactive to the date of judicial demand, except for good cause shown.
When the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence. La. R.S. 9:315.21(E); State, Department of Social Services ex rel. C.J.V. v. Neathery, 39,796 (La.App. 2d Cir.7/29/05), 909 So.2d 40; Curtis v. Curtis, 34,317 (La.App. 2d Cir.11/1/00), 773 So.2d 185. The burden is on the obligor parent to show good cause for not making the award retroactive to the date of judicial demand. Welborne v. Welborne, 29,479 (La.App. 2d Cir.5/7/97), 694 So.2d 578, writs denied, 97-1800 (La.10/13/97), 703 So.2d 621, 97-1850 (La.10/13/07), 703 So.2d 623; Rutledge v. Rutledge, 41,792 (La.App. 2d Cir.12/13/06), 945 So.2d 307. The trial court is vested with much discretion in fixing awards of child support. The court's reasonable determinations shall not be disturbed unless there is a clear abuse of discretion. State, Department of Social Services ex rel. C.J.V. v. Neathery, supra; Curtis v. Curtis, supra; Cory v. Cory, 34,053 (La.App. 2d Cir.11/1/00), 771 So.2d 225.
In the present case, the trial court's reasoning that good cause existed to give only limited retroactive application to the child support award was based on its finding that there were some long delays in the proceedings. According to the record, the parties had been ordered to seek counseling with a psychologist who then closed his office. Approximately 18 months elapsed from the March 2005 agreement to *845 continue the proceedings without date and the plaintiff's filing in September 2006 to go forward with her request for an increase in child support. The trial court obviously determined that some of this delay was attributable to the plaintiff and some was attributable to the defendant.
The trial court commented on the delays in this matter and noted that Sonny did not ever fully answer discovery. The court stated, "The result of his not being forthcoming in answering discovery may explain some of the delay in the rule for increase getting to trial." In making the child support award retroactive for only 10 months, the trial court apparently attributed this portion of the delay to Sonny. The court also recognized that making the award retroactive to the date of filing for an increase in November 2004 would result in an arrearage in excess of $23,000 which the defendant likely could not pay.
Under these facts, the trial court correctly found that there was good cause for making the increase in child support retroactive for only 10 months. The trial court did not err in reaching this decision.

TAX CREDIT
Sonny argues that the trial court erred in awarding the tax credit for Hannah to Polly. He claims that, because he pays a certain percentage of the child support, he is entitled to claim the tax exemption for Hannah. This argument is without merit.
The award of the income tax credit for children is governed by La. R.S. 9:315.18, which specifies in pertinent part:
B. (1) The non-domiciliary party whose child support obligation equals or exceeds fifty percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions if, after a contradictory motion, the judge finds both of the following:
(a) No arrearages are owed by the obligor.
(b) The right to claim the dependency deductions or, in the case of multiple children, a part thereof, would substantially benefit the non-domiciliary party without significantly harming the domiciliary party.[3]
Both elements of La. R.S. 9:315(B)(1) must be satisfied in order for the nondomiciliary parent to be entitled to the tax dependency deduction. State ex rel. Dillashaw v. Brinson, XXXX-XXXX (La. App. 1st Cir.4/2/03), 843 So.2d 1154. As stated above, Sonny owes arrearages for the retroactive application of the increase in child support. The trial court found that allowing Sonny to claim the tax exemption for Hannah would not substantially benefit him, but would harm Polly. Sonny claims that there is no evidence to support this finding. However, there is no transcript available for review in this matter. The appellant has the duty to secure either a transcript of the testimony or narrative of facts, and any inadequacy of the record is imputable to the appellant. *846 Barrios v. Wal-Mart Stores, Inc., 97-636 (La.App. 5th Cir.11/25/97), 703 So.2d 798. Under these circumstances, Sonny has failed to show that the trial court erred in allowing Polly to claim the income tax credit for Hannah. Accordingly, we affirm that portion of the trial court judgment granting the income tax exemption for Hannah to Polly.

NEW SPOUSE'S INCOME
Sonny urges that the trial court erred in considering his new spouse's salary in setting the child support amount. He also claims that the trial court failed to consider that there are now two additional children in his house-hold. This argument is without merit.
The consideration of the benefits a party may enjoy from expense sharing is a proper consideration in calculating the actual gross income of a party and is set forth in La. R.S. 9:315(C)(5):
(5) "Income" means:
(a) Actual gross income of a party, if the party is employed to full capacity; or
(b) Potential income of a party, if the party is voluntarily unemployed or underemployed. A party shall not be deemed voluntarily unemployed or underemployed if he or she is absolutely unemployable or incapable of being employed, or if the unemployment or underemployment results through no fault or neglect of the party.
(c) The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party's actual expenses.[4]
The trial court found that the evidence at the hearing established that Sonny benefited from expense sharing with his new spouse in the amount of $1,692. In fact, the trial court noted that this amount was based upon Sonny's testimony that the monthly shortfall of $1,692 between his expenses and salary is satisfied by his current spouse. Therefore, we accept this figure as accurate.
Further, the trial court considered the two additional children in Sonny's household and determined that the needs of Hannah and Holly, compared with Sonny's ability to pay child support, showed that the award was proper. Sonny has failed to demonstrate any error in this portion of the trial court's decision. We reject Sonny's claim that the trial court improperly considered the benefit he derived from expense sharing with his new spouse.
Sonny also argues that the trial court erred in failing to consider the income of Polly's new spouse. The record does not show that Sonny raised this issue in the court below or presented any evidence in this regard. Therefore, this argument is not properly before us.
In connection with this assignment of error, Sonny claims that the trial court miscalculated the arrearage due from January 15, 2007, to June 15, 2007. He asserts that this period is five months, not six. Therefore, instead of the $1,228.50 in arrearage, he asserts that the correct amount is $1,023.75. Polly concedes that the correct amount of the arrearage is $1,023.75. Accordingly, we recognize the *847 error in calculation in this regard and reduce the arrearage to that amount.

PEREMPTORY EXCEPTION AND MOTION FOR NEW TRIAL
Sonny contends that the trial court erred in denying his peremptory exception of no cause/no right of action and his motion for new trial. These arguments have no merit.
Sonny urges that Polly initially alleged a change in circumstances regarding only the increased needs of Holly for education and medical care. When Holly moved in with Sonny exclusively, there was no more need for Sonny to pay child support for Holly when she lived in his household. Under these circumstances, he contends that Polly's alleged change in circumstances had been resolved and should not be a basis for a cause of action to increase child support. This exception constitutes no cause of action rather than no right of action.
An exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. The exception is triable on the face of the petition and, to determine the issues raised by the exception, each well-pleaded fact in the petition must be accepted as true. The jurisprudence recognizes an exception to the rule that no evidence may be admitted to support or controvert an exception of no cause of action. Sullivan v. Sullivan, 42,923 (La.App. 2d Cir.2/13/08), 976 So.2d 329.
In reviewing a district court's ruling sustaining an exception of no cause of action, appellate courts conduct a de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. Sullivan v. Sullivan, supra.
Polly's petition shows that she sought an increase in child support due to a material change in circumstances from the time of the initial support judgment and the filing of the motion for an increase. While Polly did specifically plead that Holly's medical and educational needs had increased, she also pled that the needs of the children showed that they were in need of additional support and that Sonny's actual resources and ability to pay were such that an increase was warranted. These pleadings stated a cause of action for an increase in child support and the trial court did not err in denying the exception of no cause of action.
We also find that the trial court did not err in denying Sonny's motion for new trial. In the trial court, Sonny filed a motion for new trial basically alleging that the judgment was contrary to the law and evidence. He argued the same issues raised in this matter on appeal. The trial court denied the motion.
La. C.C.P. art. 1972 states in pertinent part:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
*848 La. C.C.P. art. 1973 provides that a new trial may be granted in any case if there is good ground therefore, except as otherwise provided by law. As stated above, we find that the trial court ruled correctly in all respects, with the exception of a slight correction in the calculation of the support arrearage owed from January 15, 2007, to June 15, 2007. Therefore, we find that the trial court did not err in denying Sonny's motion for new trial.

CONCLUSION
For the reasons stated above, we affirm that portion of the trial court judgment granting the plaintiff an increase in child support for the parties' two children. We affirm the calculation of the defendant's income, including the benefit of expense sharing with his current spouse.
We affirm that portion of the trial court judgment setting the child support award at $885.25 per month through December 2006. We also affirm that portion of the trial court judgment ordering limited retroactivity of this increase in child support for 10 months. The arrearage owed is $8,852.50, payable in increments of $350 per month, due on the 15th day of each month until satisfied.
We affirm that portion of the trial court judgment ordering the defendant to pay child support in the amount of $204.75 per month from January 15, 2007, forward.
We amend that portion of the judgment specifying the arrearage due for this portion of the child support award to correct an error in calculation conceded by the plaintiff. The defendant owes $1,023.75 for this arrearage which is payable in increments of $350 per month, due on the 15th day of the month, until the arrearage is satisfied.
We affirm that portion of the trial court judgment denying the defendant's exception of no cause of action and motion for new trial. Costs in this court are assessed to one-half to the defendant and one-half to the plaintiff.
AFFIRMED IN PART; AMENDED IN PART; RENDERED.
NOTES
[1] According to the plaintiff, the hearings forming the basis for this appeal were not recorded and no transcripts exist.
[2] We note a slight error in the trial court's calculation. The amount of arrearage is $8,852.50.
[3] In his brief, Sonny argues that La. R.S. 9:315.18(C) is applicable and that the trial court was required to grant him the income tax credit for Hannah because he is paying 75 percent of the total support obligation for her. That provision was repealed by Acts 2004, No. 668, § 1. Prior to its repeal, the statute provided:

C. The non-domiciliary party whose child support obligation exceeds seventy percent of the total child support obligation shall be entitled to claim the federal and state tax dependency deductions every year if no arrearages are owed by the obligor.
Because the provision was repealed prior to the hearing in this matter, obviously it has no application to the present case.
[4] Sonny's argument that the trial court considered the incorrect statute in this regard is erroneous.