Judgment rendered November 15, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,340-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

DE'ANDRE BELLE                          Plaintiff-Appellee

versus

DALLAS MILTON                           Defendant-Appellee

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 635,363

Honorable Katherine Clark Dorroh, Judge

* * * * *

MELISSA ANN CAPELLA                     Counsel for Appellant,
                                        State of Louisiana,
                                        DCFS, Child Support
                                        Enforcement

RON CHRISTOPHER STAMPS, LLC             Counsel for
By: Ron Christopher Stamps              Plaintiff-Appellee,
                                        De'Andre Belle

BRADFORD LAW OFFICE, LLC                Counsel for
By: Reshonda Leshay Bradford            Defendant-Appellee,
                                        Dallas Milton

* * * * *

Before PITMAN, COX, and ELLENDER, JJ.

**ELLENDER, J.**

The State of Louisiana, Department of Children and Family Services, Child Support Enforcement Services ("DCFS"), appeals various aspects of a consent judgment it entered with the father, De'Andre Belle,[1] and the mother, Dallas Milton, of the minor child ORM, born in February 2022. DCFS also contests the denial of its motion for new trial. For the reasons expressed, we affirm.

## PROCEDURAL HISTORY

In February 2022, four days after ORM was born, Belle, a Shreveport Police officer, filed this suit to establish paternity, custody, visitation, and child support. Asserting that he was the father, he primarily wanted the child to submit to DNA testing; he also asked for "shared custody" and a determination of support under the Support Guidelines.

Before Belle's rule was heard, DCFS filed its own petition, naming Belle as defendant, and asserting that ORM and Milton were receiving benefits and services through DCFS. In addition to paternity testing, DCFS demanded that Belle pay child support, that an immediate income assignment be ordered, under La. R.S. 46:236.3, and that Belle should make all child support payments directly to DCFS.[2]

The parties to the original suit, Belle and Milton, then entered a consent order whereby Belle and the child would undergo DNA testing.

---

[1] In the petition and the consent judgment, the father's name is spelled "De'Andre," but DCFS and the First Judicial District Court spelled it without the apostrophe, "Deandre."

[2] Although the minutes do not reflect this, DCFS asserts in brief that the First JDC clerk of court "automatically combined the two cases under one docket per their internal policy."

Six weeks later, Milton filed an answer asserting that DNA tests proved Belle's paternity. She asked for joint custody with herself as domiciliary parent, and an immediate income assignment. Milton's answer does not mention DCFS.

At a hearing on July 25, 2022, Belle, Milton, and DCFS were present with counsel. DCFS argued that in addition to paternity, the agency wanted to establish support, health insurance, and an income assignment. The court stated that whatever the amount, support could not be assessed until Belle's paternity had been proved, and the court would not make it retroactive to the date of filing. After reviewing the worksheets, the court set support at $924 a month. DCFS then argued that an income assignment was "our policy" and advisable because of the "animosity between the parties." Belle's counsel countered there was no evidence he would fail to pay support or to maintain insurance on ORM. The court refused to issue an income assignment "at this point." DCFS then argued that support should be mailed to the agency's post office box, but the court replied this was unnecessary, as insurance was "now being provided." The court also asked for briefing on whether DCFS still had any interest in the matter. Finally, the court ordered counsel to bring these findings to a form-and-content meeting on August 25.

The court issued a consent judgment on September 8, 2022. This declared Belle the father of ORM, set support at $924 a month, payable semimonthly effective August 1, 2022, and made various provisions for

visitation. The judgment was prepared by Belle's counsel and "approved [as to] form and content" by Milton's and DCFS's counsel.[3]

DCFS filed a motion for new trial, on three grounds: (1) child support should be retroactive to the date of judicial demand, La. R.S. 9:315.21; (2) DCFS should be the payee of child support, La. R.S. 46:236.1.2; and (3) the support order must be enforced by an immediate income assignment, La. R.S. 46:236.3. The court denied this request without a hearing, handwriting on the bottom of the order, "The state was a party to the consent judgment and signed the consent judgment."

DCFS has appealed devolutively.

## DISCUSSION

DCFS raises four assignments of error. In general, it asserts that DCFS never reached any agreement with Belle. The lack of consent, it argues, is proved by the motion for new trial, and hence there was no consent judgment. In support, it cites *Succession of Sewell*, 39,275 (La. App. 2 Cir. 12/22/04), 895 So. 2d 14, and *Peeler v. Doral*, 06-936 (La. App. 5 Cir. 4/11/07), 958 So. 2d 31.

An appeal cannot be taken by a party who confessed judgment or "who voluntarily and unconditionally acquiesced in a judgment rendered against him." La. C.C.P. art. 2085. This court has held, however, that a party may appeal a consent judgment when it indicates that the judgment lacked the prerequisite consent, as by filing a motion for new trial. *Branton v. Branton*, 52,570 (La. App. 2 Cir. 5/22/19), 273 So. 3d 666; *Succession of*

---

[3] A later hearing, on September 21, 2022, worked out more details of visitation and custody exchanges, but the resulting "interim order by consent" is not before the court.

3

*Sewell*, *supra*, and citations therein; *see also*, *Pittman v. Pittman*, 01-2528 (La. App. 1 Cir. 12/20/20), 836 So. 2d 369, *writ denied*, 03-1365 (La. 9/19/03), 853 So. 2d 642. Since DCFS's motion for new trial is sufficient to suggest a lack of genuine consent, this appeal will not be dismissed pursuant to Art. 2085.

By its first assignment of error, DCFS urges the court erred in refusing to make the child support order effective from the date of judicial demand. In support, it quotes La. R.S. 9:315.21 (A): "Except for good cause shown, a judgment awarding * * * an interim child support allowance shall be retroactive to the date of judicial demand[.]" However, DCFS offers no further argument in support of its position.

By its second assignment of error, DCFS urges the court erred in refusing to issue an immediate income assignment. In support, it quotes La. R.S. 46:236.3 (B)(1): "Upon entry of any court order for the establishment of support, the court shall order an immediate income assignment, which shall be effectuated immediately * * * unless the court finds good cause not to require immediate income assignment." DCFS offers no further argument in support of its position.

By its third assignment of error, DCFS urges the court erred in refusing to name the State of Louisiana as payee of the child support order. In support, it quotes La. R.S. 46:236.1.2 (A)(1), in which DCFS is authorized to "Enforce, collect, and distribute the support obligation owed by any person to his child * * * if a support obligation has been established[,]" and (D)(1), in which the "amount of such support shall be set only by order of the court or by the consent of the parties, but in either case,

the department shall be designated as payee." As before, DCFS offers no further argument.

Generally, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error. *State in Int. of DF v. LT*, 05-1965 (La. 7/6/06), 934 So. 2d 687; *State v. Johnson*, 54,945 (La. App. 2 Cir. 3/1/23), 358 So. 3d 210. Retroactive payment is not required when the court finds good cause to waive it. R.S. 9:315.21 (A); *Harrington v. Harrington*, 43,373 (La. App. 2 Cir. 8/13/08), 989 So. 2d 838. The immediate income assignment is similarly not required when the court finds good cause to waive it. R.S. 46:236.3 (B)(1). In cases of public welfare and assistance, once the court determines the amount of support, "the department shall be designated as payee," but this is also subject to the proviso, "except when it is not best interest of the child." R.S. 46:236.1.2 (D)(1).

The burden is on the obligor parent to show good cause. *Harrington v. Harrington*, *supra*, and citations therein. The court is not required to assign reasons for this finding. *State v. Istre*, 54,203 (La. App. 2 Cir. 4/5/22), 335 So. 3d 1025; *State v. Neathery*, 39,796 (La. App. 2 Cir. 7/29/05), 909 So. 2d 40. The trial court's determination, with respect to good cause or best interest, is vested with much discretion. *Harrington v. Harrington*, *supra*.

In response to DCFS's Form SES 206, "Request for Information from Employer," the city reported that Belle made $34.41 per hour, worked 40 hours a week, and was enrolled in a health insurance plan. At the hearing, Belle advised the court that health and dental insurance cost him "a lot more than" the $118 a month suggested by counsel. Milton advised the court that she had not been employed since ORM was born, but she did not state that

Belle had failed to satisfy any parental obligation.[4]  DCFS's only evidence was a child support worksheet, which was traversed by Belle, and the SES 206 response, which tends to show Belle's ability to pay.  We have combed this record and found not one scintilla of evidence that would overturn the district court's implicit finding of good cause or best interest under the applicable statutes.  We perceive no abuse of the district court's great discretion.  These assignments of error lack merit.

By its fourth assignment of error, DCFS urges the court erred in not granting a hearing for new trial, denying the motion preemptively.  It contends the motion was timely, under La. C.C.P. art. 1975, and it raised peremptory grounds, under La. C.C.P. art. 1972(1), "When the verdict or judgment appears clearly contrary to the law and the evidence."  As before, the brief supplies no further argument.

A new trial shall be granted, upon contradictory motion of any party, when the verdict or judgment appears clearly contrary to the law and the evidence.  La. C.C.P. art. 1972(1).  In ruling on a motion for new trial under Art. 1972(1), the court may evaluate the evidence without favoring either party, and draw its own inferences and conclusions.  *Pitts v. La. Med. Mut. Ins. Co.*, 16-1232 (La. 3/15/17), 218 So. 3d 58; *Newman v. LSU Health Sciences Ctr. Shreveport*, 51,375 (La. App. 2 Cir. 5/17/17), 223 So. 3d 116.  The standard of review is abuse of discretion.  *Pitts v. La. Med. Mut.*, *supra*; *Succession of Moore*, 54,338 (La. App. 2 Cir. 3/30/22), 339 So. 3d 12, *writ denied*, 22-00973 (La. 10/4/22), 347 So. 3d 859.

---

[4] It does not appear that either party was sworn or provided formal testimony; they merely answered questions from the bench.

The district court summarily denied the request for a new trial, noting DCFS signed the consent judgment. While not discounting the issue of consent, our evaluation of the record evidence, and the reasonable inferences and conclusions that may be drawn from it, simply do not support any claim that the judgment is contrary to the law and evidence. Because we have found that none of the assigned errors has merit, we also find no abuse of the district court's discretion in denying a new trial. *Criswell v. Kelley*, 54,188 (La. App. 2 Cir. 3/9/22), 335 So. 3d 483. This assignment of error lacks merit.

## CONCLUSION

For the reasons expressed, the judgment is affirmed. The deferred filing fee of $328.00 is to be paid by DCFS. La. R.S. 13:5112 (A).

**AFFIRMED**.